801 So.2d 812 (2001)
Christopher CLEVELAND, Appellant
v.
STATE of Mississippi, Appellee.
No. 2000-KA-01700-COA.
Court of Appeals of Mississippi.
December 11, 2001.
*814 Edmund J. Phillips Jr., Newton, for Appellant.
Office of the Attorney General by W. Glenn Watts, for Appellee.
Before McMILLIN, C.J., BRIDGES, and CHANDLER, JJ.
McMILLIN, C.J., for the Court.
¶ 1. Christopher Cleveland was convicted by a jury in the Circuit Court of Newton County of the crime of assault on a police officer. He has appealed that conviction to this Court and presents three issues for consideration. First, he claims that the trial court erred in denying his requested self-defense instruction. Secondly, he suggests that his constitutional right to compel witnesses was denied when John Leslie, Chief of Police for the City of Union, did not appear to testify at a suppression hearing. Thirdly, Cleveland claims that he is entitled to a new trial on the ground that the verdict of guilty was against the weight of the evidence. We find no merit in the issues raised in this appeal and affirm Cleveland's conviction.

I.

Facts
¶ 2. Cleveland was riding as a passenger in a car driven by Kendrick Green when the car was stopped at a routine roadblock. Officer P.L. Gage, one of the officers conducting the roadblock, recognized Cleveland and was aware that a warrant for his arrest had been issued. According to Officer Gage, when he informed Cleveland of that fact, Cleveland bolted from the vehicle and attempted to flee but was tripped up by the baggy pants he was wearing. Two officers attempted to restrain Cleveland on the ground and place handcuffs on him while he continued to physically resist. It was during this struggle that Cleveland bit Officer Gage on the arm with sufficient force to leave an abrasion in the pattern of teeth marks that subsequently needed medical attention. It was this act of biting Officer Gage that resulted in Cleveland's indictment.
*815 ¶ 3. Cleveland's defense took two tracks. First, he contended that the warrant for his arrest had been issued without probable cause and was, therefore, void. He contended, therefore, that he was entitled to use reasonable force to flee from an invalid arrest. Alternatively, Cleveland contended that the police officers were using excessive force in their attempts to restrain him and that he was therefore within his rights in using reasonable force to protect himself from imminent physical harm. In support of that defense, Cleveland presented two witnesses who claimed to have seen the police officers repeatedly mashing Cleveland's face into the gravel where Cleveland was lying face down as the officers attempted to handcuff him.

II.

Self-Defense Instruction
¶ 4. A defendant is entitled to have the jury instructed as to his theory of the case so long as the defense is one recognized in the law and there is some evidence in the record to support the defense. Humphrey v. State, 759 So.2d 368, 380(¶ 33) (Miss.2000). In this appeal, Cleveland has, as to this issue, abandoned any claim that he was using reasonable force to flee from an invalid arrest. Rather, he contends that, even if grounds to arrest him existed, the officers were using excessive force to carry out the arrest, thereby exposing him to imminent bodily injury and justifying his use of reasonable force in an attempt to protect himself from injury.
¶ 5. Cleveland requested an instruction in the following form, which the trial court refused:
It is your duty to find that Christopher Cleveland acted in self-defense and find him not guilty if you determine that during the arrest by Officers P.L. Gage and Robert Reid that Christopher Cleveland was in actual, present, and urgent danger. [In quoting the instruction, this Court has corrected two obvious typographical errors that, were the instruction quoted verbatim, would tend only to confuse the actual issue presented for determination.]
¶ 6. It is evident on its face that this instruction does not accurately instruct the jury on the proper elements of self defense. See Jones v. State, 418 So.2d 832, 833 (Miss.1982). Nevertheless, the law of this State is quite clear that the trial court may not refuse to instruct the jury on a properly raised defense strictly because the requested instruction is not properly drafted. Rather, it is the duty of the court in that situation to amend the instruction to conform to the applicable law. Hester v. State, 602 So.2d 869, 872 (Miss.1992).
¶ 7. The issue before this Court, therefore, is whether, based on the evidence in the record, Cleveland was entitled to have the jury instructed on whether he was justified in physically resisting the excessive force being used to effect his arrest in order to protect himself from imminent injury. We conclude that he was not.
¶ 8. The evidence is so overwhelming as to be essentially undisputed that Cleveland, when confronted with the fact that his arrest on an outstanding warrant was about to occur, attempted to flee and had to be physically restrained. Even his own witness, Kendrick Green, testified that after the officers had him on the ground, Cleveland continued to wrestle with them in an apparent attempt to escape. There was some evidence that the officers repeatedly pushed Cleveland's head down into the ground, but there is nothing in the record that would support a reasoned conclusion that these efforts were being undertaken *816 gratuitously by the officers for the sole purpose of inflicting injury on Cleveland. Rather, the actions of the officers would, on their face, appear entirely consistent with efforts to restrain an individual vigorously resisting their efforts to restrain him as a part of his lawful arrest.
¶ 9. We, therefore, find no error in the trial court's refusal to assist defense counsel in crafting a jury instruction on an issue that found no supporting evidence in the record.

III.

Compulsory Process
¶ 10. Cleveland filed a motion to suppress any evidence relating to his arrest on the ground that his arrest was illegal because the warrant was issued without probable cause. The trial court heard the motion just prior to beginning the trial before the jury. Cleveland sought to call John Leslie, the Chief of Police of Union, to testify. Leslie was under subpoena but was apparently not in court when defense counsel sought to call him to the stand. The trial court, noting that Cleveland had previously announced that he was ready for trial, refused to delay the hearing further until Leslie's whereabouts could be determined. We find this ruling was not made in error, but we affirm this decision for reasons different from that offered by the trial court.
¶ 11. Defense counsel's theory in the suppression hearing was that the outstanding arrest warrant was void. The warrant for Cleveland related to a vehicular burglary and had been issued pursuant to an affidavit by a woman named Amanda Mowdy regarding the theft of her purse from her vehicle. In the affidavit, she charged that Cleveland was the person who removed her purse from the vehicle. Cleveland's defense counsel apparently intended to try to prove that Mowdy had no basis in fact to charge Cleveland with the burglary. Counsel suggested to the court that Leslie could perhaps shed light on the circumstances surrounding the issuance of the warrant.
¶ 12. In this effort, Cleveland was traveling down a dead-end trail. There is no dispute that a duly-authorized magistrate had issued an arrest warrant for Cleveland and that Officer Gage was aware of the issuance of that warrant. Absent some evidence that the arresting officer had actual knowledge that the warrant was absolutely void for some reason, the officer had, not only the right, but the official duty to make an arrest when the situation to do so presented itself. Foster v. Noel, 715 So.2d 174, 176(¶ 30) (Miss. 1998). The authority to issue a valid arrest warrant lies with the issuing magistrate, who is charged under the law with making the determination as to whether probable cause exists. Conerly v. State, 760 So.2d 737, 740(¶ 7) (Miss.2000). Once that determination is made, a police officer in the field is not free to execute or ignore a duly-issued warrant depending upon that officer's own independent assessment of whether the magistrate erred in finding the existence of probable cause to issue the warrant. Foster, 715 So.2d at 176(¶ 30). While the decision to issue the warrant may be subjected to further review if that issue has some relevance in the future prosecution of the person subjected to the arrest under the warrant, that review is made by a judicial officer after formal consideration of evidence bearing on the question, and is not a matter within the discretion of a law enforcement officer authorized to execute the warrant.
¶ 13. Just as the officer attempting to enforce an arrest warrant is not free to ignore the warrant based on his subjective assessment of the underlying *817 evidence supporting the issuance of that warrant, neither is the person who is the subject of the warrant free to physically resist his arrest based on an internally-arrived-at conclusion that the warrant ought not to have issued because of the weakness of the evidence in support of it. Thus, a determination that there was not probable cause to issue the warrant would not, of itself, excuse Cleveland in using physical force to attempt to escape a temporary confinement while the validity of the warrant was put to the test through an appropriate post-arrest proceeding. Since Chief Leslie's sole possible input as a witness at the suppression hearing related to the proceedings before the magistrate that led to the issuance of the warranta matter of no relevance in this criminal prosecutionthe refusal by the trial court to delay the hearing to procure Chief Leslie's presence was not error.

IV.

The Weight of the Evidence
¶ 14. Cleveland sought a new trial on the ground that the verdict of guilty was against the weight of the credible evidence. The trial court denied the motion and Cleveland now alleges that ruling to be reversible error. At the trial level, a new trial can be granted only if the trial court is satisfied that the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would be to sanction an unconscionable injustice. Wetz v. State, 503 So.2d 803, 812 (Miss. 1987). We review that decision on an abuse of discretion standard, and in assessing such a claim, we must review all the evidence presented at trial in the light most favorable to upholding the verdict. Ashford v. State, 583 So.2d 1279, 1281 (Miss.1991). We may intercede and order a new trial only if we are convinced that the trial court abused its discretion in denying the motion. Gleeton v. State, 716 So.2d 1083, 1089(¶ 18) (Miss.1998).
¶ 15. Cleveland's argument focuses on the proposition that, even if all of the State's evidence is conceded, Cleveland's alleged attack on Officer Gage was so minimal as to not amount to an assault. Specifically, Cleveland relies upon such cases as Murrell v. State, which hold that, if the indictment alleges an actual bodily injury to the victim rather than a mere attempt to do bodily injury, there must be some proof that the victim suffered some actual injury, or at least some physical pain as a result of the attack. Murrell v. State, 655 So.2d 881, 884-85 (Miss.1995). Cleveland seems to contend that a biting injury that does not clearly break the skin is an injury "so slight as to be of no moment," and, therefore, not of sufficient probative value to support a guilty verdict of assault.
¶ 16. Murrell is easily distinguishable from the case before us. In Murrell, the police officer who was the victim of the alleged assault had been forcibly slammed to the ground by Murrell, but the prosecution had apparently failed to inquire of the officer as to whether he experienced any pain or physical injury as a result of the incident. Id. at 883. The Mississippi Supreme Court, though willing to concede that the evidence of the event itself might reasonably support a jury inference of physical pain, nevertheless condemned the prosecution for its failure to perform what the court termed "the simple task" of asking the victim if he suffered pain or injury. Id. at 885. The supreme court, however, did not find this failure to explore the extent of the victim's injury or pain to give rise to a legal insufficiency of the evidence. Instead, the court found the evidence to support an inference of the necessary pain or injury to be so weak as to necessitate a new trial. Id. This ruling by the supreme court would appear to explain why Cleveland *818 frames his argument as an attack on the weight of the evidence rather than on its sufficiency even though the absence of proof of an assault of the necessary gravity to produce either some physical injury or, at the very least, some reasonable measure of pain would suggest that the prosecution's proof was insufficient to convict as a matter of law. However, no matter which way the question is analyzed, we find it to be without merit.
¶ 17. In the case before us, Officer Gage testified that he was bitten through his shirt sleeve with sufficient strength to cause visible bite marks and possible penetration to the extent that he required medical treatment for the wound. He also affirmed that the bite was painful. We find this evidence to be probative of the issue that Cleveland did inflict "bodily injury" on Officer Gage within the meaning of the relevant statute as that statute has been interpreted by case law. Cleveland offered no countering evidence tending to impeach Officer Gage's testimony or suggesting that he might have exaggerated or magnified the extent of his bite injury. The jury, in passing on questions such as this, is certainly entitled to draw on the life experiences and the common understanding of the various members of the jury. It must be conceded that any typical juror could appreciate the inherent strength of the ordinary person's jaw muscles and the potential for an assailant to use those muscles in conjunction with the assailant's teeth to rather easily inflict a very painful and potentially dangerous injury on a victim in close enough proximity to fall prey to being bitten. We find Cleveland's unsupported contention to the contrary to be without merit.
¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF NEWTON COUNTY OF CONVICTION OF SIMPLE ASSAULT ON A LAW OFFICER AND SENTENCE OF FOUR YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND ORDER TO PAY A FINE OF $1,000 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO NEWTON COUNTY.
KING and SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER and BRANTLEY, JJ., concur.