PROCEDURAL HISTORY ¶ 1. Michael Angelo Muscolino was indicted in the Circuit Court of Lauderdale County, Mississippi for armed robbery/robbery in violation of Miss. Code Ann. §§ 97-3-79 and 97-3-73 (Rev. 2000). Following a jury trial, Muscolino was found guilty as charged and sentenced by the Honorable Larry E. Roberts to twenty years in the custody of the Mississippi Department of Corrections.
 ¶ 2. Muscolino now appeals that jury decision, citing the following errors for this Court's review:
 1. WHETHER THE EVIDENCE WAS SUFFICIENT TO SUPPORT THE GUILTY VERDICT; AND
 2. WHETHER THE LOWER COURT ERRED IN ALLOWING THE GUN TO BE ADMITTED INTO EVIDENCE.
Finding no error, we affirm.
 STATEMENT OF THE FACTS ¶ 3. During the afternoon hours of July 12, 1999, the Meridian Music Exchange was robbed at gunpoint. The robber entered the store, approached the counter *Page 1242 
where the cash register was located, brandished a pistol and demanded the money from the store's owner, Wayne Williams. Mr. Williams complied and gave the robber approximately four hundred dollars in cash. The robber wore a camouflaged netting over his face and a hat.
 ¶ 4. Two employees, Andy Rainey and Chad Smith, were working in the store at the time of the robbery. Andy Rainey called the police and Chad Smith followed the robber out of the store. As the robber was walking away from the store, he removed the camouflaged netting from his head and Smith was able to see the robber's profile. Smith watched the robber enter a vehicle and drive away. The vehicle was described as a small gold colored car. Smith then got into his own personal vehicle and followed the robber. During this endeavor, Smith had the opportunity to view the robber's face again. Smith then wrote down the number of the Newton County license plate of the vehicle and stopped at the nearest phone to call the store where the police were and give the license plate information. At that point, a call went out to all police officers to be on the lookout for a vehicle fitting the description of the one used in the robbery and containing the valid license plate information.
 ¶ 5. Within an hour, the Meridian police showed Chad Smith a photo lineup, consisting of six photos. Smith identified Michaelangelo Muscolino as the robber of the store.
 ¶ 6. Shortly thereafter, an officer with the Newton County Sheriff's office saw a vehicle matching the description of the small gold colored car with a Newton County tag containing the same numbers. The vehicle was spotted in the neighboring town of Chunky. The officer pulled the vehicle over and found Muscolino and two other passengers in the car. After Muscolino and the passenger in the back seat exited the vehicle, the driver of the car consented to a search. The officers found a .357 magnum pistol under the passenger's seat, where Muscolino had been sitting. The officers also found approximate $380 on the person of Muscolino.
 ¶ 7. The defense rested without calling any witnesses.
 ¶ 8. Muscolino argues on appeal that the State did not meet its burden of proof. He contends the State failed to prove ownership of the car, that he had dominion and control over the gun, that he knew the gun was in the vehicle, and that he had ever even handled the gun. Furthermore, Muscolino argues the admittance of the gun into evidence was reversible error and he was denied a fair trial because of this error.
 ¶ 9. The State rebuts by stating that it does not matter if it is proved whether Muscolino owned the gun, the car, or had actually had the gun in his possession. The State argues the evidence was sufficient to convict Muscolino of committing the armed robbery without evidence that the gun was under his dominion and control. The evidence consisted of the gun being found under the seat of the car where Muscolino was riding one hour after the armed robbery, in a car similar in appearance bearing a tag with the same county name and number of the car in which the robber drove away. The State contends this introduction of evidence was not required to demonstrate sufficiency of the evidence, but it was strong corroboration for a finding that Muscolino committed the armed robbery. We agree.
 STANDARD OF REVIEW AND LEGAL ANALYSIS 1. WHETHER THE EVIDENCE WAS SUFFICIENT TO SUPPORT THE GUILTY VERDICT.
 ¶ 10. Our standard for reviewing challenges to convictions based on *Page 1243 
sufficiency of the evidence is well established. The Mississippi Supreme Court has stated:
 [T]he sufficiency of the evidence as a matter of law is viewed and tested in a light most favorable to the State. The credible evidence consistent with [the defendant's] guilt must be accepted as true. The prosecution must be given the benefit of all favorable inferences that may be reasonably drawn from the evidence. Matters regarding the weight and credibility of the evidence are to be resolved by the jury.
McClain v. State, 625 So.2d 774, 778 (Miss. 1993) (citations omitted). We reverse when, with respect to an element of the offense charged, the evidence is such that reasonable and fair-minded jurors could only find the accused not guilty. Id.; Wetz v. State, 503 So.2d 803, 808 (Miss. 1987). The standard of review in determining whether a jury verdict is against the overwhelming weight of the evidence is also well settled. "[T]his Court must accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial." Collins v. State,757 So.2d 335, 337 (¶ 5) (Miss.Ct.App. 2000) (quoting Dudley v.State, 719 So.2d 180, 182 (¶ 9) (Miss. 1998)). On review, the State is given "the benefit of all favorable inferences that may reasonably be drawn from the evidence." Collins, 757 So.2d at 337 (¶ 5) (citingGriffin v. State, 607 So.2d 1197, 1201 (Miss. 1992)). "Only in those cases where the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice will this Court disturb it on appeal." Collins,757 So.2d at 337 (¶ 5) (quoting Dudley, 719 So.2d at 182).
 ¶ 11. Muscolino argues on appeal that the evidence presented by the State was not sufficient to support a guilty verdict. Specifically, he contends the State failed to prove ownership of the car, that he had dominion and control over the gun, that he knew the gun was in the vehicle, and that he had ever even handled the gun.
 ¶ 12. Muscolino was convicted of violating sections 97-3-79 and97-3-73 of the Mississippi Code which state:
§ 97-3-79 Robbery; use of deadly weapon
 Every person who shall feloniously take or attempt to take from the person or from the presence the personal property of another and against his will by violence to his person or by putting such person in fear of immediate injury to his person by the exhibition of a deadly weapon shall be guilty of robbery and, upon conviction, shall be imprisoned for life in the state penitentiary if the penalty is so fixed by the jury; and in cases where the jury fails to fix the penalty at imprisonment for life in the state penitentiary the court shall fix the penalty at imprisonment in the state penitentiary for any term not less than three (3) years.
 § 97-3-73 Robbery; definition
 Every person who shall feloniously take the personal property of another, in his presence or from his person and against his will, by violence to his person or by putting such person in fear of some immediate injury to his person, shall be guilty of robbery.
Miss. Code Ann. §§ 97-3-79 and 97-3-73 (Rev. 2000).
 ¶ 13. Muscolino's argument is without merit. His argument concerns a charge of possession of the firearm and not the crime of armed robbery
with which he was charged. It is of no consequence as to who had the dominion and control of the gun while in the car or who the actual owner of the car is. As previously stated, the standard of review for sufficiency of the evidence is viewed and tested in a light *Page 1244 
most favorable to the State. McClain, 625 So.2d at 778. We must look to what a reasonable and fair-minded juror could find. Id. We only reverse when a reasonable juror could only find the accused not guilty. Id. A pistol was found in the car in which Muscolino was traveling. Muscolino was figuratively sitting on top of the gun. There is no question that a gun was used during the robbery and there is an eyewitness who identifies Muscolino as the robber. Furthermore, the car Muscolino was found in matched the description of the robber's car and contained the same number and name of the county on the license plate. When reviewing the evidence in the light consistent with the verdict and giving the State all favorable inferences which may be drawn from the evidence, this Court finds that a reasonable juror would find Muscolino guilty.
 ¶ 14. This argument is without merit and thus we affirm.
 2. WHETHER THE LOWER COURT ERRED IN ALLOWING THE GUN TO BE ADMITTED INTO EVIDENCE.
 ¶ 15. In his second issue on appeal, Muscolino argues the trial judge erred when he admitted the gun found in the car as evidence because the State failed to properly establish chain of custody. We find this argument to be unpersuasive.
 ¶ 16. The standard of review of a trial court's admission of evidence is the abuse of discretion standard. Robinson v. State,758 So.2d 480, 488 (¶ 31) (Miss.Ct.App. 2000) (citing Thompson Mac.Commerce Corp. v. Wallace, 687 So.2d 149, 152 (Miss. 1997)). "The trial judge is empowered with the discretion to consider and to decide what evidence is admissible, and `unless this judicial discretion is so abused as to be prejudicial to the accused,' then the ruling of the lower court must be affirmed." Francis v. State, 791 So.2d 904, 907 (¶ 7) (Miss.Ct.App. 2001) (quoting Graves v. State, 492 So.2d 562, 565 (Miss. 1986)).
 ¶ 17. Mississippi Rule of Evidence 901(a) states: "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." M.R.E. 901(a). The Mississippi Supreme Court has held that the test for chain of custody is "whether there is any indication of tampering or substitution of evidence." Wells v. State, 604 So.2d 271, 277 (Miss. 1992). Furthermore, the State does not have to produce every person who handled the evidence, nor does the State have to account for every minute of every day. Butler v. State, 592 So.2d 983, 985 (Miss. 1991).
 ¶ 18. The victim, Wayne Williams, testified the robber brandished a gun in his face. The Newton County deputy that stopped Muscolino, Deputy Collins, testified that he seized the gun and he had it in his possession at the trial. Furthermore, Deputy Collins testified the weapon identified in court was the same weapon seized from under Muscolino's seat.
 ¶ 19. "The failure of the prosecution to establish all of the links in the chain of custody implicates the weight to be accorded the evidence by the jury, not its admissibility." Robinson,758 So.2d at 488 (¶ 31) (citing Fisher v. State, 481 So.2d 203,225 (Miss. 1985)).
 ¶ 20. We do not find the trial court to be in error. The decision of whether the State has properly shown the chain of custody of evidence is left to the discretion of the trial court, Wells, 604 So.2d at 277, and this Court will not reverse the trial court's ruling "absent abuse resulting in prejudice to the defendant." *Page 1245 Gibson v. State, 503 So.2d 230, 234 (Miss. 1987). This Court holds that the State properly presented the chain of custody of the evidence, and we find this issue to be without merit.
 ¶ 21. We affirm Muscolino's conviction and sentence of twenty years in the custody of the Department of Corrections.
 ¶ 22. THE JUDGMENT OF THE CIRCUIT COURT OF LAUDERDALE COUNTY OFCONVICTION OF ARMED ROBBERY AND SENTENCE OF TWENTY YEARS IN THE CUSTODYOF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS HEREBY AFFIRMED. ALLCOSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P. JJ., THOMAS, LEE, IRVING,MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.