¶ 1. William Sidney Beard, Jr. was found guilty in the Circuit Court of Rankin County of possession of more than one-tenth gram but less than two grams of methamphetamine and possession of more than one-tenth gram but less than two grams of cocaine. Beard was sentenced to two four-year terms to run consecutively. Aggrieved, he asserts the following issues: *Page 252 
 I. THE LOWER COURT ERRED IN DENYING BEARD'S MOTION FOR A DIRECTED VERDICT.
 II. THE LOWER COURT ERRED IN ALLOWING THE HEARSAY TESTIMONY OF DEPUTY SHANNON PENN.
Finding no error, we affirm.
 FACTS ¶ 2. William Sidney Beard, Jr. made an agreement to purchase a 1990 International transport truck from Valley Volvo Truck Center in McAllen, Texas on February 19, 1999. Beard tendered a check for $18,500 and was given title to the truck. Beard then left Texas for Alabama. On February 21, at 4:06 a.m., Beard was pulled over on I-20 in Rankin County, Mississippi by Rankin County Sheriff's Deputy Shannon Penn. Penn pulled Beard over for not having a proper license plate. Beard told the officer that he had just purchased the truck. The officer felt that Beard was acting suspiciously and asked if Beard had anything illegal in the truck. Beard consented to a search of the vehicle.
 ¶ 3. During his search, Deputy Penn found a small plastic MM candy container in a side pocket mounted on the passenger's side of the vehicle which contained what appeared to be crystal methamphetamine. He also found a drinking straw which had been cut in half and small amount of a powdered substance that appeared to be cocaine. Deputy Penn did not wear gloves when making his search. After testing, it was determined that 1.4 grams of methamphetamine was present along with .6 grams of cocaine. The cut drinking straw also contained methamphetamine residue. The State attempted a forfeiture proceeding on the truck after Beard was arrested, but this was unsuccessful because it was found that Beard did not own it. His bank did not honor his check and the truck was returned to Valley Volvo in Texas.
 ¶ 4. A trial was held and the State presented its evidence. A representative of Valley Volvo testified that the dealership had a procedure of cleaning the interior of vehicles prior to sale and that the items found would have been discarded as trash before turning the vehicle over to the new owner. A scientist with the Mississippi Crime Laboratory testified regarding the tests performed on the substances found in the truck. Deputy Penn also testified. In his testimony, Penn stated that he did not preserve fingerprints because he understood that the crime lab is unable to gather fingerprints off of plastic items such as he found in this case. Beard objected to this testimony as hearsay and the objection was overruled.
 ¶ 5. Beard did not testify or provide any witnesses in his defense. He moved for a directed verdict which was denied by the lower court. After the jury received the instructions of the court and argument of counsel, they adjourned to deliberate. The jury found Beard guilty as to possession of both substances. The court sentenced Beard to two consecutive four-year sentences, one for each count.
 ANALYSIS I. DID THE LOWER COURT ERR IN DENYING BEARD'S MOTION FOR A DIRECTED VERDICT?
 ¶ 6. Beard claims that the evidence presented by the State was legally insufficient for him to be convicted of knowingly or intentionally possessing a quantity of methamphetamine or cocaine. Beard argues that the drugs were not found on his immediate person, but inside of a side pocket on the passenger side of the truck he was driving. Beard argues that he did *Page 253 
not own the truck, and that the State did not prove his constructive possession of the drugs found inside. Therefore, Beard argues that the lower court erred in denying his motion for a directed verdict.
 ¶ 7. A motion for a directed verdict, request for peremptory instruction, and motion for judgment notwithstanding the verdict (JNOV) challenge the legal sufficiency of the evidence. McClain v. State,625 So.2d 774, 778 (Miss. 1993). "Since each requires consideration of the evidence before the court when made, this Court properly reviews the ruling on the last occasion the challenge was made in the trial court."McClain, 625 So.2d at 778. This occurred when the lower court denied the motion for JNOV. Wetz v. State, 503 So.2d 803, 807-8 (Miss. 1987). "If there is sufficient evidence to support a verdict of guilty, this Court will not reverse." Meshell v. State, 506 So.2d 989, 990 (Miss. 1987). Seealso Haymond v. State, 478 So.2d 297, 300 (Miss. 1985); Fairley v.State, 467 So.2d 894, 902 (Miss. 1985). There is sufficient evidence to support a verdict of guilty when there is competent and credible evidence as to each element of the offense which, when taken together with all inferences which reasonably may be drawn from the evidence, and considered in the light most favorable to the prosecution, permits a hypothetical reasonable juror to find the accused guilty beyond a reasonable doubt. McClain, 625 So.2d at 778.
 ¶ 8. In the case at hand, the facts show that Beard was the driver of the truck pulled over by Deputy Penn. Illegal drugs were found within arm's reach and visible to the driver when entering or exiting the truck, although they were not visible from the driver's seat. Possession of a mere "trace" is sufficient to support conviction. Hampton v. State,498 So.2d 384, 386 (Miss. 1986). Residue on the cut straw indicated that the straw had been used to sniff methamphetamine, and it could be inferred by the jury that Beard had used the drug on his way from Texas to Alabama. As testified to by the manager of the dealership, the truck had been cleaned out and was inspected by at least three people before Beard took possession of it. A small MM container would have been thrown out as trash if found according to the manager's testimony.
 ¶ 9. Beard offered no explanation for the drugs and did not testify in his own defense as to who the owner may be. His main argument here is that he did not own the truck and therefore could not have been in control of the drugs. When he was pulled over, however, Beard told Deputy Penn that the truck belonged to him and presented a copy of the documentation showing him as the purchaser of the truck. Only later did Beard's bank not honor the truck and ownership reverted to the dealership. At the time of the traffic stop, Beard had been in sole possession of the truck for two days, and there was no evidence presented that anyone else had been present during that interval of time. This distinguishes Beard's case from the situation in Curry v. State,249 So.2d 414 (Miss. 1971), which Beard argues is persuasive in his favor. In Curry, a passenger was present. Beard did not have a passenger, and as the sole driver had control of the truck and its contents.
 ¶ 10. The State is not required to prove actual physical possession of a narcotic to show possession, but only that it was under the dominion and control of the defendant. Mitchell v. State, 754 So.2d 519
(¶ 10) (Miss.Ct.App. 1999). There was sufficient evidence presented for a jury to determine that Beard was in exclusive possession of a truck which he claimed to own. He was on his way to Alabama where, after his bank backed-up his note, he *Page 254 
would have been the lawful owner. The truck was clean except for the illegal drugs found by Deputy Penn during his search. The drugs were within arm's reach of the driver. The lower court acted correctly in denying Beard's motion for directed verdict, as there was sufficient evidence on which a jury could find Beard guilty of the crime charged. This issue is without merit.
 II. DID THE LOWER COURT ERR IN ALLOWING THE HEARSAY TESTIMONY OF DEPUTY SHANNON PENN?
 ¶ 11. Beard argues that Deputy Penn was allowed to use hearsay testimony in explaining why he did not attempt to gather fingerprint evidence. Penn testified that the crime lab would have informed him that fingerprints cannot be retrieved off of items such as the MM packaging. Beard claims that this testimony "softened the effect" of the deputy's cross-examination concerning his failure to gather fingerprint evidence. Beard feels that fingerprints should have been retrieved from the container, or a representative from the crime lab should have testified as to the difficulty of retrieving them from an MM container.
 ¶ 12. The State takes the position that the lower court was within its discretion when it allowed Deputy Penn's testimony. The State argues that Deputy Penn was allowed to testify from his own personal knowledge and experience of dealing with the crime lab and that fingerprints could not normally be recovered from some items such as the MM container. Since Beard did not request a limiting instruction or demonstrate any harm from the testimony, it is the State's position that Beard did not comply with Mississippi Rules of Evidence 103(a).
 ¶ 13. Although we do not agree with the State's position, we find that the error here was harmless. There was sufficient evidence for a jury to determine that the drugs found in the truck belonged to Beard, as stated above. Beard offered no explanation or excuse for the drugs or to whom they may have belonged. The testimony by Deputy Penn regarding the fingerprints did not provide a material impact on the jury's decision to convict Beard. This issue is therefore without merit.
 ¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF RANKIN COUNTY OFCONVICTION OF COUNT I POSSESSION OF MORE THAN ONE-TENTH GRAM BUT LESSTHAN TWO GRAMS OF METHAMPHETAMINE AND SENTENCE OF FOUR YEARS AND COUNT IIPOSSESSION OF MORE THAN ONE-TENTH GRAM BUT LESS THAN TWO GRAMS OF COCAINEAND SENTENCE OF FOUR YEARS TO RUN CONSECUTIVELY TO SENTENCE IMPOSED INCOUNT I ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONSIS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P. JJ., BRIDGES, LEE, IRVING,MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR. *Page 255