840 So.2d 717 (2002)
Taras Lataj SAVANNAH, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2001-KA-00553-COA.
Court of Appeals of Mississippi.
September 17, 2002.
Rehearing Denied November 26, 2002.
Certiorari Denied March 20, 2003.
*718 Phillip Broadhead, Thomas M. Fortner, Robert M. Ryan, Jackson, Brenda Gale Jackson, Tallulah, LA, attorneys for appellant.
Office of the Attorney General, by John R. Henry Jr., attorney for appellee.
Before McMILLIN, C.J., MYERS, and CHANDLER, JJ.
MYERS, J., for the court.
¶ 1. Taras Lataj Savannah was tried and convicted of the crime of manslaughter in the Circuit Court of Hinds County, First Judicial District. Savannah was sentenced to serve twenty years in the custody of the Mississippi Department of Corrections. After being convicted, Savannah filed a motion for judgment notwithstanding the verdict or, alternatively, new trial which was denied by the trial court. From the denial of that motion, Savannah appeals raising the following issues:
1. WHETHER THE TRIAL COURT ERRED WHEN IT REFUSED TO ADMIT THE VICTIM'S BLOOD ALCOHOL CONTENT INTO EVIDENCE;
2. WHETHER THE TRIAL COURT ERRED WHEN IT ALLOWED THE STATE TO ELICIT TESTIMONY FROM THE DEFENDANT ABOUT AN "OTHER CRIME" THE DEFENDANT COMMITTED; AND
3. WHETHER THE TRIAL COURT ERRED WHEN IT DENIED SAVANNAH'S MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT OR, ALTERNATIVELY, NEW TRIAL.

STATEMENT OF FACTS
¶ 2. On May 9, 2000, Taras Lataj Savannah was arrested for the wrongful death of Linda Gilmore. Savannah and Gilmore lived in the same neighborhood. The two became involved in an argument concerning whether Gilmore was going to go riding with Savannah and his friend. Gilmore became highly agitated and began calling Savannah various crude epithets. During the course of the argument, Gilmore's six-year-old son handed his mother a cane. Gilmore continued spouting a stream of profanities at Savannah and began to swing the stick back and forth while standing approximately eight feet from Savannah. Savannah contends that Gilmore struck him with the cane at least once. Savannah pulled a pistol from his pocket and, as Gilmore taunted him, shot Gilmore. Savannah was indicted for manslaughter as a result of his actions.
¶ 3. At trial, Savannah attempted to introduce Gilmore's blood alcohol level into evidence. The trial judge refused to allow the evidence to be admitted finding it not relevant to the case. During the course of the trial, Savannah testified on his own behalf. The State, while cross-examining Savannah, inquired whether he had a permit to carry a concealed firearm. Savannah *719 was allowed to respond to the question and the State continued asking questions along the same line until Savannah's attorney objected on the basis of relevancy and that the questions inquired into other wrongs committed by Savannah. The trial judge overruled Savannah's objection but instructed the State to move on in its cross-examination. Savannah was convicted and sentenced to serve twenty years in the custody of the Mississippi Department of Corrections. Savannah presented a motion for judgment notwithstanding the verdict or, alternatively, new trial to the trial court for consideration which was summarily denied. From the denial of that motion, Savannah perfected this appeal.

LEGAL ANALYSIS

1. WHETHER THE TRIAL COURT ERRED WHEN IT REFUSED TO ADMIT THE VICTIM'S BLOOD ALCOHOL CONTENT INTO EVIDENCE.
¶ 4. Savannah first contends that the trial court erred when it refused to admit the victim's blood alcohol content into evidence. The trial court determines in its discretion what evidence is admissible. Muscolino v. State, 803 So.2d 1240, 1244 (¶ 16) (Miss.Ct.App.2002). This Court will reverse the trial court's decision to not admit or admit evidence only where the trial court abused its discretion. Id. Savannah testified that Gilmore would become uncontrollable when she was drinking. A witness testifying on Savannah's behalf stated that she observed Gilmore drinking a beer the day of the shooting. The trial judge found that the victim's blood alcohol content was not relevant and inadmissible.
¶ 5. Evidence of a victim's character is ordinarily irrelevant. M.R.E. 404(a). The victim's character becomes relevant in cases where the defendant asserts an arguable claim of self-defense. McGilberry v. State, 797 So.2d 940, 941 (¶ 7) (Miss. 2001). Evidence of a victim's bad character is relevant where it is unclear which party was the initial aggressor. Id. Testimony given at trial indicated that Savannah was standing eight feet away from Gilmore when he shot her. Self-defense was not an arguable defense at that point. We find that the trial court did not abuse its discretion in finding that the victim's blood alcohol content was inadmissible. This issue is without merit.

2. WHETHER THE TRIAL COURT ERRED WHEN IT ALLOWED THE STATE TO ELICIT TESTIMONY FROM THE DEFENDANT ABOUT AN "OTHER CRIME" THE DEFENDANT COMMITTED.
¶ 6. Savannah next contends that the trial court erred when it allowed the State to elicit testimony from Savannah concerning an alleged "other crime." During the course of cross-examining Savannah, the State asked several questions concerning whether Savannah had a concealed carrier permit for the weapon he was carrying on the day of the shooting. Savannah objected to the line of questioning and the trial court overruled the objection but instructed the State to terminate that line of questioning.
¶ 7. The admission of evidence is governed by the trial court and its decision will not be reversed unless an abuse of discretion occurred. Muscolino, 803 So.2d at 1244(¶ 16). Savannah contends that the questions asked by the State represent evidence of an "other crime" committed by Savannah which is generally considered inadmissible character evidence pursuant to M.R.E. 404. The State argues that Savannah's direct testimony indicated that he contended that the shooting was an *720 accident and, therefore, that the evidence of the "other crime" was admissible to prove an absence of accident pursuant to M.R.E. 404(b). The trial court found this contention to be meritorious. We cannot say that the trial court abused its discretion in admitting this evidence as Savannah's direct testimony clearly indicated that he was asserting that the shooting was an accident. This point of error is without merit.
¶ 8. Savannah also contends that the trial court erred on this point as it failed to conduct an on-the-record weighing of probative value versus prejudicial effect. Savannah did not object at trial to the prejudicial effect of the evidence. Failure to make an objection as to the prejudicial effect of evidence at trial is a procedural bar to raising the issue on appeal. Fair v. State, 766 So.2d 787, 792 (¶ 13) (Miss.Ct.App.2000). Savannah is procedurally barred from raising this issue on appeal for the first time.

3. WHETHER THE TRIAL COURT ERRED WHEN IT DENIED SAVANNAH'S MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT OR, ALTERNATIVELY, NEW TRIAL.
¶ 9. Savannah first contends in this point of error that the trial court erred when it denied his motion for judgment notwithstanding the verdict. Motions for judgment notwithstanding the verdict challenge the legal sufficiency of the evidence. Brown v. State, 763 So.2d 189, 192 (¶ 5) (Miss.Ct.App.2000). The evidence is viewed in the light most favorable to the jury's verdict and the State is given the benefit of all favorable inferences reasonably drawn from the evidence. Id. This Court will reverse only where "reasonable and fair-minded jurors could only find the accused not guilty." Id. The evidence presented at trial showed that Savannah shot Gilmore while they were standing approximately eight feet apart. There was sufficient evidence to support the jury's verdict.
¶ 10. Savannah next contends in this point of error that the trial court erred when it denied his motion for new trial. Motions for new trial challenge the weight of the evidence and should only be granted where the verdict is "so contrary to the overwhelming weight of the evidence that to allow it to stand would be to sanction an unconscionable injustice." Brown, 763 So.2d at 192 (¶ 6). The trial court in its discretion may grant or deny motions for new trial and this Court will reverse only where the trial court abused its discretion. Id. The evidence is viewed in the light most favorable to the State. Id. The jury determines the credibility of the witnesses and what weight to give to the evidence presented. Id. The jury clearly chose to believe the testimony of the witnesses for the State. When viewed in the light most favorable to the State, the jury's verdict was clearly not against the overwhelming weight of the evidence. The trial court did not abuse its discretion in denying Savannah's motion for new trial. This issue is without merit.

CONCLUSION
¶ 11. The trial court did not abuse its discretion in refusing to allow the victim's blood alcohol content into evidence. The trial court did not abuse its discretion in allowing evidence of Savannah's "other crime" to be admitted into evidence to show that the shooting was not an accident. There was sufficient evidence presented by the State to find Savannah guilty of the crime charged. The verdict returned against Savannah was not against the overwhelming weight of the evidence. The trial court did not err in denying Savannah's motion for judgment notwithstanding *721 the verdict or, alternatively, new trial.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY OF CONVICTION OF MANSLAUGHTER AND SENTENCE OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
KING, P.J., BRIDGES, LEE, IRVING, CHANDLER AND BRANTLEY, JJ., CONCUR. MCMILLIN, C.J., CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY SOUTHWICK, P.J. AND THOMAS, J.
McMILLIN, C.J., CONCURRING:
¶ 13. I concur in the result reached by the majority. However, as to the admissibility of evidence of the victim's blood alcohol content at the time of the incident, I respectfully differ with the majority's reasoning. The majority holds that self defense was not an issue because the distance of approximately eight feet separating Savannah from his victim removed self defense as an "arguable defense." While this distance of separation might affect the issue of the reasonableness of Savannah's fear of imminent injury, I do not think it necessarily rendered self defense considerations irrelevant as a matter of law. In fact, the record indicates that self defense was a central theme in the trial and the issue was submitted to the jury for consideration. It must be remembered that a defendant is entitled to have the jury instructed to consider a potential defense even when there is only the slightest evidence in the record to support it. Hester v. State, 602 So.2d 869, 872 (Miss.1992).
¶ 14. In the situation before us, I think the victim's possible intoxication could have relevance if the proper predicate is laid (a) that the defendant was aware, at the time of the incident, of the victim's alcoholically-impaired state and (b) that, either through prior knowledge or contemporaneous observation, the defendant had a reasonable basis to believe that the ingestion of alcohol had increased the victim's propensity to use violent force against him.
¶ 15. Thus, in my view, it is not the fact that self defense had no relevance in this trial that renders the evidence inadmissible. It is, rather, the fact that the defense did not lay a proper predicate to show how evidence of the victim's blood alcohol content could have reasonably heightened Savannah's fear that he was in danger of imminent bodily harm at the hands of the victim.
SOUTHWICK, P.J., AND THOMAS, J., JOIN THIS SEPARATE WRITTEN OPINION.