840 So.2d 721 (2002)
Terry PEGUES, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2001-KA-01377-COA.
Court of Appeals of Mississippi.
December 3, 2002.
Certiorari Denied March 20, 2003.
*723 David L. Walker, Southaven, attorney for appellant.
Office of the Attorney General by W. Glenn Watts, attorney for appellee.
EN BANC.

MODIFIED OPINION ON MOTION FOR REHEARING[1]
MYERS, J., for the court.
¶ 1. This is an appeal from the Circuit Court of Lafayette County of the conviction of Terry Pegues for possession of more than one ounce but less than one kilogram of marijuana with intent to sell. Pegues was sentenced to a twenty-year term in the custody of the Mississippi Department of Corrections with five years suspended. Feeling offended by his conviction and sentence, Pegues offers the following issues on appeal.
1. Whether the trial court erred in failing to sustain the appellant's ore tenus motion to suppress the evidence seized in the Federal Express package, his home and automobile as a violation of the state and federal constitution protections against unreasonable searches and seizures.
2. Whether the evidence in this case is legally sufficient to sustain a verdict.
3. Whether the trial court erred in granting jury instruction S-2.
4. Whether the indictment returned by the grand jury was defective.
5. Whether the trial court erred in denying the appellant's motion for a new trial.
6. Whether the trial court erred in re-sentencing the appellant after the altercation.

FACTS
¶ 2. A package from Federal Express was addressed to Kevin Brown whose address was listed as Number 8, County Road 185, Abbeville, Mississippi. The package was delivered to the address and signed for by someone other than Terry Pegues. However, Terry Pegues indicated that the person next to him at the door was Kevin Brown. The man next to him was in fact his roommate and not named Kevin Brown. The signature on the package said "Kevin Brown."
*724 ¶ 3. After the package delivery was completed, agents were summoned to arrest Pegues. Pegues was covered only by a towel and in his bathroom at the time of his arrest. The toilet was flushed by Pegues just prior to law enforcement entering the room. An investigation of the sewer line resulted in the recovery of a plastic bag containing what looked to be crack cocaine. The location was secured with several agents on the scene while others went to obtain search warrants for the property.
¶ 4. While waiting for the agents to return with the warrants, Pegues allegedly volunteered that there was marijuana located in the refrigerator and the car parked outside. Neither of these locations was searched until warrants were obtained. In each location the agents found marijuana.
¶ 5. Pegues was found guilty of possession of more than one ounce of marijuana with intent to sell. After his sentencing, he refused to comply with the custodial officer's directions and involved himself in an altercation in the courtroom. His initial sentence allowed for suspended time, but based on his behavior in the courtroom post-sentencing, the prosecution filed a motion for re-sentencing or to revoke Pegues' suspended sentence.
¶ 6. Over the objection of defense counsel, the judge agreed to re-sentence Pegues. His initial sentence was twenty years to serve with ten years suspended. His new sentence was twenty years to serve with five suspended and five under post-release supervision. The guilty verdict, the initial sentencing and the amended sentence occurred within the same term of court. Pegues filed a motion for JNOV or a new trial and both motions were overruled.
¶ 7. We have chosen to address these issues in the order in which they would occur in the trial process.

DISCUSSION

1. Whether the indictment returned by the grand jury was defective.
¶ 8. The validity of the indictment was not brought before the circuit court to review. Therefore we cannot review this issue as it is not properly before this Court. "Because these arguments are not preserved for appeal, this court cannot reverse based upon them." Haddox v. State, 636 So.2d 1229, 1240 (Miss.1994).

2. Whether the trial court erred in failing to sustain the appellant's ore tenus motion to suppress the evidence seized in the Federal Express package, his home and automobile as a violation of the state and federal constitutions' protections against unreasonable searches and seizures.
¶ 9. The trial court determines in its discretion what evidence is admissible. Muscolino v. State, 803 So.2d 1240, 1244(¶ 16) (Miss.Ct.App.2002). This Court will reverse the trial court's decision to admit or not admit evidence only where the trial court abused its discretion. Id. When reviewing a trial court's ruling on a suppression hearing, we must assess whether substantial credible evidence supports the trial court's finding considering the totality of the circumstances. Price v. State, 752 So.2d 1070(¶ 9) (Miss.Ct.App. 1999), citing Magee v. State, 542 So.2d 228, 231 (Miss.1989).
¶ 10. Pegues argued that the evidence seized during the searches should be thrown out because the police lacked probable cause to search the premises and the Federal Express package. However, it was Federal Express that contacted the *725 police because several packages of increasing size were being delivered to the same address but all under different names. Different people signed for these packages thus raising the suspicions of delivery people that contraband might be contained in these packages. A drug dog was brought in to sniff the package addressed to Kevin Brown. The dog indicated there were drugs inside. That alone is probable cause to search the package even though Pegues asserts there was no testimony as to the veracity and reliability of the informant.
¶ 11. Upon review of the underlying facts and circumstances, the court found that probable cause existed for all of the warrants and denied Pegues' motion to suppress the evidence obtained in the searches. We find no abuse of discretion was committed by the circuit court.

3. Whether the trial court erred in granting jury instruction S-2.
¶ 12. The State's proposed instruction No. 2 reads as follows:
The defendant, Terry Pegues, has been charged in Count Two of the indictment with the crime of possession of more than an ounce of marijuana, with the intent to sell, transfer or distribute.
The State has introduced evidence regarding three separate exhibits of alleged marijuana:
1) an exhibit which according to the evidence for the State contains 451.95 grams, or approximately 15.9 ounces, of marijuana and was allegedly delivered to # 8 County Road 185, Abbeville, Mississippi, by Libby Lytle posing as a Federal Express Courier;
2) an exhibit which according to the evidence for the State contains 94.95 grams, or approximately 3.35 ounces, of marijuana and was allegedly recovered from a Chevrolet vehicle which was parked at # 8 County Road 185, Abbeville, Mississippi;
3) an exhibit which according to the evidence for the State contains 57.57 grams, or approximately 2.0 ounces of marijuana and was allegedly recovered from the refrigerator at # 8 County Road 185, Abbeville, Mississippi;
If you find from the evidence in this case beyond a reasonable doubt that the defendant, Terry Pegues, on or about the 11th day of January, 2002, of Lafayette County Mississippi:
1) knowingly and willfully possessed any one or more of the above three listed exhibits;
2) that any such exhibit so possessed by the defendant did contain marijuana;
3) that the defendant knew it was marijuana;
4) and that he possessed such marijuana with the intent to sell, transfer or distribute it to another;
then you shall find the defendant guilty of possession of more than one ounce of marijuana with the intent to sell, transfer or distribute.

*
If the State has failed to prove any one or more of these elements beyond a reasonable doubt, then you shall find the defendant not guilty of possession of marijuana with intent to sell, transfer or distribute.
¶ 13. "At trial, the jury should be instructed in language that tracks the indictment; however, failure of the instruction to contain this language does not necessarily render it fatally defective." Richmond v. State, 751 So.2d 1038, 1046(¶ 21) (Miss.1999).
*726 ¶ 14. Pegues' argument is that the language of S-2 is not equivalent to that of the indictment. Unlike the jury instruction that lists the separate groups, the indictment lumps the weight of the marijuana together the result being a seemingly sizable amount. Interestingly, each of the bundles separately weighed over one ounce. The jury instruction allows the jury to find Pegues guilty if they find that he had control over even one of the smaller groups.
¶ 15. Pegues asserts that possession of marijuana with intent was only one count of a four count indictment. Pegues was found innocent of one of the cocaine charges. Counts three, conspiracy, and four, cocaine possession with intent, of the indictment were dismissed. The instruction allows for the individual amounts of marijuana to be considered separately by the jury in order to find him guilty. Pegues wants all or nothing; that if he could not be found guilty of possession of all of the groups of marijuana he should not be found guilty of possessing any. The language of the indictment and the language of the jury instruction are not so far removed from one another to make this instruction fatal.

4. Whether the evidence in this case is legally sufficient to sustain a verdict and whether the trial court erred in denying the appellants motion for a new trial.
¶ 16. "If there is sufficient evidence to support a verdict of guilty, this Court will not reverse." Beard v. State, 812 So.2d 250, 253(¶ 7) (Miss.Ct.App.2002).
There is sufficient evidence to support a verdict of guilty when there is competent and credible evidence as to each element of the offense which, when taken together with all inferences which reasonably may be drawn from the evidence, and considered in the light most favorable to the prosecution, permits a hypothetical reasonable juror to find the accused guilty beyond a reasonable doubt.
Id.; citing McClain v. State, 625 So.2d 774, 778 (Miss.1993).
¶ 17. Pegues alleges that the State did not prove that he had actual or constructive control over the Federal Express package and its contents because the item was addressed to a Kevin Brown and the co-defendant, Pettis, signed for it. The State alleges that Pegues "indicated by his words and actions that he was the person who actively received the package." Testimony showed that these alleged "indications" noted as plural were really a singular motion by Pegues to the delivery person that the package was for Pettis.
¶ 18. We hold that there was sufficient evidence to support this verdict. Whether this testimony satisfied the jury is obvious by its verdict. Whether, another reasonable hypothetical jury could find as this jury did is plausible and therefore this issue is without merit.

5. Whether the trial court erred in re-sentencing the appellant after the altercation in the court room with law enforcement.
¶ 19. A judge has the power to alter or vacate a sentence until the term of court in which the sentence was given has ended; the judge has the power to do so after the term only by ruling on a motion requesting that relief that was pending when the term ended. Presley v. State, 792 So.2d 950, 953-54 (Miss.2001). Pegues was re-sentenced in response to the prosecution's motion for re-sentencing following Pegues' skirmish with the court's deputies. This motion and the re-sentencing both occurred within the same term of *727 court as the original trial and sentencing. The court acted within its power. This issue is without merit.
¶ 20. THE JUDGMENT OF THE CIRCUIT COURT OF LAFAYETTE COUNTY OF CONVICTION OF POSSESSION OF MORE THAN ONE OUNCE OF MARIJUANA WITH INTENT TO DELIVER AND THE SENTENCE OF TWENTY YEARS WITH FIFTEEN TO SERVE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND FIVE YEARS SUSPENDED ON POST RELEASE SUPERVISION AND PAY $100 TO VICTIM'S COMPENSATION FUND IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, CHANDLER AND BRANTLEY, JJ., CONCUR.
NOTES
[1] The original opinion is withdrawn and this opinion is substituted. The rehearing motion is denied.