ISHEE, J.,
Dissenting:
¶65. With respect to the majority, I must dissent. I agree the circuit court was correct in (1) denying Chad Booker’s motion for a directed verdict; (2) instructing the jury on instruction S-2-A; (3) allowing Shade White’s testimony; and (4) allowing testimony concerning the location where David White’s baseball cap was found. However, I disagree with the disposition reached by the majority to affirm Booker’s conviction of manslaughter. I believe that the circuit court erred in (1) refusing Booker’s jury instructions D-3 and D-5; (2) allowing Brenda Morgan’s testimony; and (3) refusing to admit Booker’s evidence. I would reverse Booker’s judgment of conviction and remand this case for a new trial.
I. Defense’s Refused Instructions
¶ 66. There is merit in this claim. This Court has held that “[a] defendant is entitled to have the jury instructed as to his theory of the case so long as the defense is one recognized in the law and there is some evidence in the record to support the defense.” Cleveland v. State, 801 So.2d 812, 815 (¶ 4) (Miss.Ct.App.2001). In this appeal, Booker, as to this issue, has provided evidence to support the inclusion of jury instructions D-3, D-5, and D-6. Booker testified that: David approached him on his own property; David “threw the first punch”; and he reacted to keep David from continuing to hit him. Therefore, because Booker’s defense is one recognized in the law, and he has presented evidence in support of his defense, jury instructions D-3, D-5, and D-6 should have been given.
*1008 II. Morgan’s Testimony
¶ 67. The initial question to Morgan regarding David’s injuries asked Morgan to give her opinion “as a human being and as a nurse.” That question sought to obtain testimony based on Morgan’s knowledge, skill, experience, training, or education — which are requirements of an expert. “[T]he trial court [is required] to perform a two-pronged inquiry [to determine] whether expert testimony is admissible under Rule 702.” Miss. Transp. Comm’n v. McLemore, 863 So.2d 31, 38 (¶ 16) (Miss.2003). “First, the court must determine that the expert testimony is relevant — that is, the requirement that the testimony must ‘assist the trier of fact means the evidence must be relevant.’ Next, the trial court must determine whether the proffered testimony is reliable.” Id. (internal citation omitted).
¶ 68. Booker objected to Morgan’s testimony, but the objection was overruled. The circuit court allowed Morgan to give her testimony without conducting the two-pronged inquiry required by McLemore. Therefore, the circuit court’s admission of Morgan’s testimony was erroneous and an abuse of discretion.
III. Refusal to Admit Booker’s Evidence
¶ 69. Rule 404 provides for the admission of evidence of a pertinent trait of the character of the accused either by the accused or by the prosecution. Rule 404 provides for the admission of “evidence of a pertinent trait of character of the victim of the crime offered by an accused.... ” The only eyewitness to the incident between Booker and David was Booker. Booker made statements to law enforcement officers that David was the initial aggressor; therefore, character evidence relating to either Booker or David regarding their propensity for aggression and violence was relevant and admissible under Rule 404. The testimony from Wayne Ho-gue and Noel Jackson would have possibly given Booker’s assertion that David was the initial physical aggressor some credibility. The recorded statement from Phillip “Possum” Nance would have possibly shown Booker’s propensity for peacefulness and rebutted the State’s theory that Booker attacked David.
¶ 70. This Court has held that “[e]vi-dence of a victim’s character is ordinarily irrelevant. M.R.E. 404(a). The victim’s character becomes relevant in cases where the defendant asserts an arguable claim of self-defense.” Savannah v. State, 840 So.2d 717, 719 (¶ 5) (Miss.Ct.App.2002) (citing McGilberry v. State, 797 So.2d 940, 941 (¶ 7) (Miss.2001)). “Evidence of a victim’s bad character is relevant where it is unclear which party was the initial aggressor.” Id. Under the State’s theory of the present case, the crucial issue was whether Booker was the initial physical aggressor; therefore, evidence regarding David’s character was relevant. It was error for the circuit court to exclude the recorded statement by Nance and the testimonies of Hogue and Jackson.
¶ 71. For the foregoing reasons, I respectfully dissent, and I would reverse Booker’s judgment of conviction and remand this case for a new trial.
KING, C.J., JOINS THIS OPINION.